# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

QURAN DAYMAN ALI INGRAM,

    Petitioner,

v.

DANIEL HOLBROOK,

    Respondent.

CASE NO. 3:17-CV-05678-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: December 29, 2017

    The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Quran Dayman Ali Ingram filed his federal habeas Petition on August 25, 2017, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. *See* Dkt. 1, 6. On October 30, 2017, Respondent Daniel Holbrook filed a Motion to Dismiss. Dkt. 9. The Court concludes Petitioner is currently challenging his state court conviction on direct appeal. Therefore, he has failed to properly exhaust his state court remedies as to all grounds raised in the Petition. Accordingly, the Court recommends Respondent's Motion to Dismiss be granted and the Petition be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## I. Background

On May 1, 2017, a jury found Petitioner guilty of residential burglary –domestic violence. Dkt. 9-1, p. 2. Petitioner was sentenced to 50 months imprisonment. *Id*. at p. 5. Petitioner is currently challenging his conviction and sentence on direct appeal. *See id*. at pp. 17-19.

On August 25, 2017, Petitioner filed the Petition raising the following four grounds: (1) ineffective assistance of counsel for failure to investigate actual innocence claim; (2) counsel was ineffective when he failed to dismiss a juror; (3) ineffective assistance of counsel as Petitioner's counsel was subsequently running for state judge; and (4) incorrect computation of Petitioner's criminal history score. Dkt. 6.

Respondent filed a Motion to Dismiss asserting the Petition is not ripe because Petitioner is currently pursuing his direct appeal. Dkt. 9. Respondent served the Motion to Dismiss on Petitioner on October 30, 2017. *Id*. at p. 4; Dkt. 11. Petitioner has not filed a response.

## II. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not

necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record.

**III. Discussion**

Respondent asserts the Petition should be dismissed without prejudice because Petitioner is still pursuing his direct appeal. Dkt. 9. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Petitioner is still pursuing his direct appeal. *See* Dkt. 9-1, pp. 17-19. Regardless of whether Petitioner raised his habeas grounds on direct appeal, as Petitioner's direct appeal is still pending, the state courts have not had a full opportunity to resolve any constitutional issues. The Court also notes the state court may resolve Petitioner's direct appeal in his favor, which could moot this Petition. Therefore, the Court finds Petitioner has not exhausted the state court remedies available to him.

Additionally, Petitioner's case is not appropriate in federal court under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Middlesex County Ethics Comm'n v. Garden State Bar*

*Ass'n*, 457 U.S. 423, 432 (1982). Here, Petitioner's case meets all three elements of the *Younger* abstention doctrine. First, Petitioner's state criminal case is ongoing as he is currently appealing his conviction and sentence on direct appeal. *See* Dkt. 9-1, pp. 17-19. Second, as the state court proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner can raise his federal constitutional questions on direct appeal and in a state personal restraint petition. Therefore, the *Younger* abstention applies in this case.

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 53–54. Petitioner fails to show there is a threat of irreparable injury and that injunctive relief is appropriate in this case. *See O'Shell v. Mayberg*, 2009 WL 3061982, at *8 (S.D. Cal. Sept. 24, 2009). Therefore, under the circumstances presented in this case, federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Trammell v. Warden*, 2009 WL 2407665 (C.D. Cal. July 31, 2009) (finding abstention was required when a petitioner's direct appeal was still pending).

As Petitioner has failed to exhaust his state remedies and federal intervention would be inappropriate under the abstention doctrine, the Court recommends Respondent's Motion to Dismiss be granted and the Petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed.Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he filed his § 2254 petition); *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983) (finding habeas petition premature and dismissing for failure to exhaust where the direct appeal was still pending); *Shaw v. Director of Washington State Dept. of Corrections*, 2010 WL 753249 (E.D.

Wash. March 2, 2010) (finding a petition was not ripe when the petitioner's direct appeal and state personal restraint petition were still pending).

## IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## V. Conclusion

For the above stated reasons, the Court recommends the Motion to Dismiss be granted and the Petition be dismissed without prejudice. No evidentiary hearing is necessary and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 29, 2017, as noted in the caption.

Dated this 12th day of December, 2017.

David W. Christel
United States Magistrate Judge